IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| HASSAN R. SHABAZZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Criminal Action No. 3:07CV784-HEH |
| | ) |
| GEO, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## FINAL ORDER
(Adopting the Report and Recommendation of the United States Magistrate Judge Recommending Dismissal of the 42 U.S.C. § 1983 Action,
Denying Attempt to Amend, and Overruling the Objections)

THIS MATTER is before the Court on a Report and Recommendation ("R&R"), pursuant to 28 U.S.C. § 636(b)(1)(B), filed by United States Magistrate Judge M. Hannah Lauck ("the Magistrate Judge") on April 29, 2008. Having reviewed both the record and the R&R in this case, as well as the objections filed, this Court finds that there is substantial justification in the record to support the Magistrate Judge's findings of fact and conclusions of law.

The facts of this case have been fully and accurately presented in the Magistrate Judge's R&R, so there is no need to reiterate them. On May 9, 2008, Plaintiff filed objections to the R&R that also attempted to amend the claims listed in his original complaint. The Court will not consider these additional claims because Plaintiff did not seek leave to amend his complaint. The document that Plaintiff submitted does not

comply with the directive set forth in the R&R for filing an amended complaint. Litigants are not permitted to simply spackle new allegations onto the original complaint. Accordingly, Plaintiff's attempt to amend his complaint is DENIED.

Turning next to the objections Plaintiff filed, Plaintiff first protests that he did not consent to the Magistrate Judge's review of his claims. Plaintiff's consent is not required for the Magistrate Judge to conduct a preliminary review of Plaintiff's complaint and issue recommendations. *See* 28 U.S.C. § 636(b)(1)(B). Plaintiff states that he has a valid claim and generally objects to the Magistrate Judge's finding that the injuries he allegedly sustained–aggravated asthma, headaches, dizziness, nausea, shortness of breath, and watery eyes–were not sufficiently serious to satisfy the objective element of an Eighth Amendment claim. Specifically, he asserts that the Magistrate Judge improperly cited inapplicable and distinguishable case law to support this finding.

Contrary to Plaintiff's conclusory assertions, the case law the Magistrate Judge cited in the R&R is both relevant and applicable to the case at hand. *See* Apr. 29, 2008 R&R at 4-5 (citing *Henderson v. Sheahan*, 196 F.3d 839, 846 (7th Cir. 1999); *Oliver v. Deen*, 77 F.3d 156, 160 (7th Cir. 1996)). After a thorough review of the Magistrate Judge's R&R, the pleadings, and the relevant case law, this Court finds that the Magistrate Judge applied sound legal principles to the facts of this case and the Magistrate Judge's conclusions of law are consistent with current case law. *See Henderson v. Virginia*, No. 7:06cv408, 2007 WL 2781722, at *8 (W.D. Va. Sept. 21,

2007) (citing, *inter alia*, *Henderson*, 196 F.3d at 846, and *Oliver*, 77 F.3d at 160), *aff'd*, No. 07-7506, 2008 WL 925154 (4th Cir. Apr. 7, 2008).

Plaintiff also objects to the Magistrate Judge's conclusion that Plaintiff's limited exposure to paint fumes does not support a finding that his future health has been jeopardized. Plaintiff concedes that he was only exposed to paint fumes on four isolated occasions and that each time the fumes dissipated within eight hours. This brief exposure occurred nearly two years ago. Plaintiff has not suggested that he, any other inmate, or any correctional officer has since developed any medical malady reasonably attributable to those conditions. *See Wade v. Robinson*, No. 7:06cv352, 2006 WL 1700908, at *1 (W.D. Va. June 16, 2006). Because Plaintiff has not alleged sufficient facts to support a finding that he has sustained a significant or serious injury or is at demonstrable risk of future injury, this Court finds that he fails to state a claim under the Eighth Amendment. *See Strickler v. Waters*, 989 F.2d 1375, 1379 (4th Cir. 1993); *Islam v. Jackson*, 782 F. Supp. 1111, 1114-15 (E.D. Va. 1992) (finding isolated incidents not serious enough to constitute a violation of the Eighth Amendment where inmate had not alleged any remaining medical problems existed that were attributable to the challenged conditions); *Scott v. Sussex State Prison*, No. 7:06cv369, 2006 WL 1876963, at *3 (W.D. Va. July 6, 2006) (citing *Helling v. McKinney*, 509 U.S. 25, 36 (1993)). Accordingly, Plaintiff's objections are OVERRULED.

The Court HEREBY ACCEPTS and ADOPTS the April 29, 2008 Report and Recommendation of the Magistrate Judge. In accordance with that Report and

Recommendation, the Court HEREBY DISMISSES Plaintiff's claims. The action is DISMISSED. The Clerk of the Court is DIRECTED to note the disposition of this action for purposes of 28 U.S.C. § 1915(g).

Plaintiff may appeal this Final Order. Any appeal from this decision must be taken by filing a written notice of appeal with the Clerk of the Court within thirty (30) days of the date of entry hereof. Failure to file a timely notice of appeal may result in the loss of the right to appeal.

The Clerk is directed to send a copy of this Final Order to Plaintiff.

It is SO ORDERED.

                                              /s/
                                      Henry E. Hudson
                                      United States District Judge

Date: July 7, 2008
Richmond, VA